IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.S., by and through his Guardian ad Litem, LAURIAN STUDESVILLE,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF OAKLAND, a municipal corporation; WAYNE TUCKER, in his official capacity as Chief of Police for the City of Oakland; ALAN LEAL, individually, and in his capacity as a police officer for the City of Oakland; and City of Oakland police officers DOES 1-25 inclusive,<br><br>          Defendants.<br>_____/ | No. C 09-03004 CW<br><br>ORDER GRANTING WITH LEAVE TO AMEND DEFENDANT LEAL'S MOTION TO DISMISS |

Defendant Alan Leal moves to dismiss Plaintiff's fourth, fifth and seventh state law causes of action under Federal Rule of Civil Procedure 12(b)(6).[1]  Plaintiff L.S., by and through his guardian ad litem, Laurian Studesville, opposes the motion.  The matter was taken under submission on the papers.  Having considered all of the papers filed by the parties, the Court grants Defendant's motion and dismisses the complaint with leave to amend.

---

[1] Defendants City of Oakland and Wayne Tucker have answered the complaint and do not join in this motion.

BACKGROUND

The following facts are taken from Plaintiff's complaint and the documents of which the Court has taken judicial notice.[2] Plaintiff L.S., a minor, and Laurian Studesville, his guardian ad litem, filed this lawsuit arising from an incident between Plaintiff and Oakland Police Officer Leal on July 3, 2007. Plaintiff alleges that Defendant Leal unlawfully shot him and failed to administer first aid treatment. As a result, Plaintiff has suffered permanent damage.

Based on this encounter, Plaintiff filed a claim against the City of Oakland on January 2, 2008, in compliance with the California Tort Claims Act presentment requirements. On January 10, 2008, the City of Oakland denied Plaintiff's claim and, on the same day, served a rejection letter on Plaintiff's counsel. On July 2, 2009, Plaintiff filed this complaint against Defendant City of Oakland, Defendant Wayne Tucker, chief of police, and Defendant Leal. In addition to three federal causes of action brought under 42 U.S.C. section 1983, Plaintiff's complaint alleges four state law causes of action. Defendant Leal moves to dismiss the three state tort claims for assault and battery, intentional infliction of emotional distress and negligence.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule

---

[2] The Court grants Defendant's request for judicial notice of Plaintiff's claim against the City of Oakland filed on January 2, 2008 and the City of Oakland's denial notice dated January 10, 2008 (Docket No. 20).

2

12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  <u>NL Indus., Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  <u>Ashkcroft v. Iqbal</u>, ___ U.S. ___, 129 S.Ct. 1937, 1949-50 (2009) (citing <u>Twombly</u>, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile.  <u>Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.</u>, 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint."  <u>Reddy v. Litton Indus., Inc.</u>, 912 F.2d 291, 296 (9th Cir. 1990).  Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading.  <u>Id.</u> at 296-97.

DISCUSSION

Defendant Leal argues that Plaintiff's state tort claims are barred by his failure to comply with the applicable statute of

3

1 limitations under the California Tort Claims Act.  In particular,
2 Defendant argues that Plaintiff failed to file this lawsuit within
3 six months after he received notice of the rejection of his claims,
4 as required by section 946.6 of the California Government Code.

5     The California Tort Claims Act provides, in pertinent part,
6 that "no suit for money or damages may be brought against a public
7 entity on a cause of action [against a public entity or employee]
8 until a written claim therefor has been presented to the public
9 entity and has been acted upon by the board, or has been deemed to
10 have been rejected by the board . . . ."  Cal. Gov't Code § 945.4.
11 If a claim is rejected, the public entity must provide written
12 notice, and if such notice is provided in accordance with the
13 statute, a plaintiff wishing to file a lawsuit must do so "not
14 later than six months after the date such notice is personally
15 delivered or deposited in the mail."  Cal. Gov't Code
16 § 945.6(a)(1).

17     Here, it is uncontested that Plaintiff properly presented his
18 claims to the City of Oakland under the Tort Claims Act and that
19 the notice of denial was served on Plaintiff on January 10, 2008.
20 Def.'s Request for Judicial Notice, Exs. A, B.  Plaintiff had until
21 July 10, 2008 to file a civil action against Defendant in order to
22 preserve his tort claims.  Plaintiff's complaint was filed on July
23 2, 2009 and, thus, is untimely under Government Code section
24 945.6(a)(1).

25     Plaintiff argues, however, that the statute of limitations was
26 tolled under section 945.3.  Specifically, Plaintiff argues that,
27 because criminal charges related to this action were pending
28 against him between January 29, 2008 and April 27, 2009, the filing

4

of this suit is within the six-month statute of limitations.

California Government Code section 945.3 specifies that if an individual is charged with a criminal offense, any potential claim that individual has against law enforcement personnel arising from that offense is tolled during the time the criminal charges are pending before a superior court.  If Plaintiff's factual contentions are correct, statutory tolling may apply.  However, Plaintiff fails to allege sufficient facts in his complaint or submit admissible evidence of a pending criminal charge against him to justify tolling the statute of limitations under section 945.3. The Court may consider on a motion to dismiss the allegations in the complaint which are taken as true, attachments to the complaint and documents of which the Court may take judicial notice.[3] Plaintiff's complaint fails to allege facts regarding any dates or proceedings associated with Plaintiff's criminal case.  In support of equitable tolling, Plaintiff submits only a declaration from his attorney which contains inadmissible hearsay evidence. Accordingly, Plaintiff has not shown that he is entitled to statutory tolling and his state tort claims must be dismissed for failure to meet the statute of limitations requirement of the California Tort Claims Act.

Because tolling pursuant to section 945.3 may save Plaintiff's state tort claims, Plaintiff is granted leave to amend.  See Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) ("leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other

---

[3] If documents are confidential, Plaintiff may move to file them under seal.

5

facts"). If Plaintiff chooses to file an amended complaint, he is advised to include allegations, or submit documentary evidence in the form of attachments to his complaint, showing the relevant facts regarding the underlying criminal proceedings that arose out of the same course of conduct that forms the basis of his tort claims.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss (Docket No. 18). The Court GRANTS Defendant's request for judicial notice (Docket No. 20). The Court grants Plaintiff leave to amend the complaint in accordance with this Order. If Plaintiff chooses to file an amended complaint, he must do so within twenty-one days of the date of this Order. If Plaintiff does not file an amended complaint within this time, the three state tort claims will be dismissed with prejudice.

IT IS SO ORDERED.

Dated: December 2, 2009

CLAUDIA WILKEN
United States District Judge