1 | JOHN L. BURRIS, # 69888
ADANTE D. POINTER, # 236229
2 | LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
3 | Oakland, California 94621
Telephone   (510) 839-5200
4 | Facsimile:  (510) 839-3882

5

6 | Attorneys For
L.S., by and through his Guardian Ad Litem
7 | Laurian Studesville

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10

11 | L.S., by and through his Guardian Ad Litem        CASE NO.: C09-03004 CW
Laurian Studesville
12 |                                                   STIPULATION AND [PROPOSED]
        Plaintiff,                                    PROTECTIVE ORDER
13 |

14 |        vs.

15 |

16 | CITY OF OAKLAND,  a municipal
corporation; WAYNE TUCKER, in his
17 | official capacity as Chief of Police for the
CITY OF OAKLAND;ALAN LEAL,
18 | individually, and in his capacity as a police
officer for the CITY OF OAKLAND; and,
19 | City of Oakland police officers DOES 1-25,
inclusive,
20 |
        Defendants.
21 |

22 |

23 |        Plaintiff L.S. by and through his attorney ADANTE D. POINTER individually and on

24 | behalf of THE LAW OFFICES OF JOHN L. BURRIS; Defendant ALAN LEAL by and

25 | through his attorney JOHN J. VERBER individually and on behalf of the law offices of

26 | BURNHAM & BROWN; and Defendants CITY OF OAKLAND and WAYNE TUCKER, by

1  and through their attorney, GEOFFREY BEATY, individually and on behalf the CITY OF

2  OAKLAND, hereby stipulate to the following protective order:

3

4        1. DEFINITIONS

5        1.1 Party: any party to this action, including all of its officers, directors,

6  employees, consultants, retained experts, and outside counsel (and their support staff).

7        1.2 Disclosure or Discovery Material: all items or information, regardless of

8  the medium or manner generated, stored, or maintained (including, among other things;

9        1.3 "Confidential" Information or Items:  information (regardless of how

10  generated, stored or maintained) or tangible things qualify for protection under standards

11  developed under F.R.Civ. P. 26(c). **The material subject to this stipulation are the**

12  **personnel records of Officers TIM MARTIN and ALAN LEAL for the time period of**

13

14  **July 3, 2002, up to and including the date the aforementioned documents are**

15  **produced; Internal Affairs files pertaining to Officers TIM MARTIN and ALAN LEAL**

16  **for the time period of July 3, 2002, up to and including the date the aforementioned**

17  **documents are produced and the Internal Affairs file pertaining to the incident**

18

19  **which is the subject of plaintiff's complaint.**

20        1.4        Receiving Party: a Party that receives Disclosure or Discovery

21  Material from a Producing Party.

22

23        1.5        Producing Party:  a Party or non-party that produces Disclosure or

24  Discovery Material in this action.

25        1.6.        Designating Party: a Party or non-party that designates information

26  or items that it produces in disclosures or in responses to discovery as "Confidential" or

1   "Highly Confidential-Attorneys' Eyes Only."

2          1.7.   Protected Material:  any Disclosure or Discovery Material that is

3   designated as "Confidential" or as "Highly Confidential-Attorneys' Eyes Only."

4          1.8.   Outside Counsel:  attorneys who are not employees of a Party but

5   who are retained to represent or advise a Party in this action.

6          1.9.   House Counsel:  attorneys who are employees of a Party.

7          1.10.  Counsel (without qualifier): Outside Counsel and House Counsel (as

8   well as their support staffs).

9          1.11.  Expert:  a person with specialized knowledge or experience in a

10   matter pertinent to the litigation who has been retained by a Party or its counsel to serve

11   as an expert witness or as a consultant in this action and who is not a past or a current

12   employee of a Party and who, at the time of retention, is not anticipated to become an

13   employee of a Party.  This definition includes a professional jury or trial consultant

14   retained in connection with this litigation.

15          1.12.  Professional Vendors:  person or entities that provide litigation

16   support services (e.g., photocopying: videotaping; translating; preparing exhibits or

17   demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their

18   employees and subcontractors.

19          1.13  HIGHLY CONIFEDNTIAL-ATTORNEYS' EYES ONLY:  information or

20   items extremely sensitive whose disclosure to another arty or non-party would create a

21   substantial rise of serious injury that could not be avoided by less restrictive means.

22          2. SCOPE

23          The protections conferred by this Stipulation and Order cover not only

24   Protected Material (as defined above), but also any information copied or extracted

25   therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus

26   testimony, conversations, or presentations by parties or counsel to or in court or in other

1  settings that might reveal Protected Material.

2       3. DURATION

3       Even after the termination of this litigation, the confidentiality obligations

4  imposed by this Order shall remain in effect until a Designating Party agrees otherwise in

5  writing or court order otherwise directs.

6       4. DESIGNATING PROTECTED MATERIAL

7       4.1 F.R.Civ. P. 26(c).  The information sought to be protected must be

8  properly qualified for protection under F.R.Civ. P. 26(c).  Counsel shall not designate any

9  discovery material "CONFIDENTIAL" without first making a good faith determination that

10 protection is warranted.

11      4.2 Manner and Timing of Designations.  Except as otherwise provided in

12 this Order (see, e.g., second paragraph of section 4.2(a), below), or as otherwise

13 stipulated or ordered, material that qualified for protection under the Order must be clearly

14 so designated before the material is disclosed or produced.

15      Designation in conformity with this Order requires:

16      (a) for information in documentary form (apart from transcripts of depositions

17 or other pretrial or trial proceedings), that the Producing Party affix the legend

18 "CONFIDENTIAL" or "HIGHLY CONIFEDNTIAL-ATTORNEYS' EYES ONLY" at the top of

19 each page that contains protected material.

20      (b) for testimony given in deposition or in other pretrial or trial proceedings,

21 that the Party or non-party offering or sponsoring the testimony identify on the record,

22 before the close of the deposition, hearing, or other proceeding.  Only those portions of

23 the testimony that are appropriately designated for protection within the 20 days shall be

24 covered by the provisions of this Stipulated Protective Order.

25      Transcript pages containing Protected Material must be separately bound by

26 the court reporter, who must affix to the top of each such page the legend

1  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as

2  instructed by the Party or non-party offering or sponsoring the witness or presenting the

3  testimony.

4  When it is impractical to identify separately each portion of testimony that is

5  entitled to protection, the Party or non-party that sponsors, offers, or gives the testimony

6  may invoke on the record (before the deposition or proceedings is concluded) a right to

7  have up to 20 days to identify and specify the level of the protection asserted

8  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY")

9  ( c) for information produced in some form other than documentary, and for

10  any other tangible items, that the Producing Party affix in a prominent place on the exterior

11  of the container or containers in which the information or item is stored the legend

12  "CONFIDENTIAL" or "HIGHLY CONIFEDNTIAL-ATTORNEYS' EYES ONLY."

13  4.3. Inadvertent Failures to Designate.  If timely corrected, an inadvertent

14  failure to designate qualified information or items as "Confidential" does not, standing

15  alone, waive the Designating Party's right to secure protection under this Order for such

16  material.  If material is appropriately designated as "Confidential" after the material was

17  initially produced, the Receiving Party, on timely notification of the designation, must make

18  reasonable efforts to assure that the material is treated in accordance with the provisions

19  of the Order.

20  5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

21  5.1 Timing of Challenges.   Unless a proper challenge to a Designating

22  Party's confidentially designation is necessary to avoid foreseeable substantial unfairness,

23  unnecessary economic burden, or a later significant disruption or delay of the litigation, a

24  Party does not waive its right to challenge a confidentiality designation by electing not to

25  mount a challenge promptly after the original designation is disclosed.

26  5.2 Meet and Confer.  A Party that elects to initiate a challenge to a

1 Designating Party's confidentiality designation must do so in good faith and must begin the

2 process by conferring directly (in voice to voice dialogue; other forms of communication are

3 not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party

4 must explain the basis for its belief that the confidentiality designation was not proper and

5 must give the Designating Party an opportunity to review the designated material, to

6 reconsider the circumstances, and, if no change in designation is offered, to explain the

7 basis for the chose designation.  A challenging Party may proceed to the next stage of the

8 challenge process only if it has engaged in this meet and confer process first.

9         5.3 <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a

10 confidentiality designation after considering the justification offered by the Designating

11 Party may file and serve a motion under Civil Rule 7 (and in compliance with Civil Local

12 Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the

13 basis for the challenge.  Each such motion must be accompanied by a competent

14 declaration that affirms that the movant has complied with the meet and confer

15 requirements imposed in the preceding paragraph and that sets forth with specificity the

16 justification for the confidentiality designation that was given by the Designating Party in

17 the meet and confer dialogue.

18         The burden of persuasion in any such challenge proceeding shall be on the

19 Designating Party.  Until the court rules on the challenge, all parties shall continue to afford

20 the material in question the level of protection tow which it is entitled under the Producing

21 Party's designation.

22         6. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

23         6.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

24 disclosed or produced by another Party or by a non-party in connection with this case only

25 for prosecuting, defending, or attempting to settle this litigation.  Such Protected material

26 may be disclosed only to the categories of persons and under the conditions described in

1  this Order.  When the litigation has terminated, a Receiving Party must comply with the

2  provisions of section 10, below (FINAL DISPOSITION).

3         Protected Material must be stored and maintained by a Receiving Party at a

4  location and in a secure manner that ensures that access is limited to the persons

5  authorized under this Order.

6        6.2    Disclosure of "CONFIDENTIAL: Information or Items.

7       Unless otherwise ordered by the court or permitted in writing by the Designating

8  Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL

9  only to:

10        (a) employees of the Receiving Party to whom disclosure is reasonably

11  necessary for this litigation and who have signed the "Agreement to Be Bound by

12  Protective Order"  (Exhibit A);

13        (b) experts (as defined in this Order) of the Receiving Party to whom

14  disclosure is reasonably necessary for this litigation and who have signed the "Agreement

15  to Be Bound by Protective Order" (Exhibit A);

16        (c) the Court and its personnel;

17        (d) court reporters, their staffs, and professional venders to whom disclosure

18  is reasonably necessary for this litigation and who have sighed the "Agreement to Be

19  Bound by Protective Order"  (Exhibit A);

20        (e) during their deposition, witnesses in the action to whom disclosure is

21  reasonably necessary and who have signed the "Agreement to Be Bound by Protective

22  Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions

23  that reveal Protected Material must be separately bound by the court reporter and may not

24  be disclosed to anyone except as permitted under this Stipulated Protective Order.

25        (f) the author the document or the original source of the information.

26        6.3    Disclosure of HIGHLY CONFIDENTIA-ATTORNEY'S EYES ONLY

1 information or Items.

2       Unless otherwise ordered by the Court or permitted in writing by the Designating

3 Party, Receiving Party may disclose any information or item designated HIGHLY

4 CONFIDENTIAL-ATTORNEYS' EYES ONLY only to:

5       (a)  Experts (as defined in this Order) (1) to whom disclosure is

6       reasonably necessary for this litigation, who have signed the

7       "Agreement to be Bound By Protective Order" (Exhibit A);

8       (b)  The Court and its personnel;

9       (c)  Court reporters, their staffs, and professional vendors to who

10       disclosure is reasonably necessary for this litigation and who have

11       signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

12       (d)  The author of the document or the original source of the information

13

14   **7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

15

16       If a Receiving Party is served with a subpoena or an order issued in other

17 litigation that would compel disclosure of any information or items designated in this action

18 as "CONFIDENTIAL" or "HIGHLY CONIFEDNTIAL-ATTORNEYS' EYES ONLY" the

19 Receiving Party must so notify the Designating Party, in writing (by fax, if possible)

20 immediately and in no event more than three court days after receiving the subpoena or

21 order.  Such notification must include a copy of the subpoena or court order.

22       The Receiving Party also must immediately inform in writing the Party who

23 caused the subpoena or order to issue in the other litigation that some or all the material

24 covered by the subpoena or order is the subject of this Protective Order.  In addition, the

25 Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the

26 Party in the other action that caused the subpoena or order to issue.

1    The purpose of imposing these duties is to alert the interested parties to the
2  existence of this Protective Order and to afford the Designation Party in this case an
3  opportunity to try to protect its confidentiality interests in the court from which the
4  subpoena or order issued.  The Designating Party shall bear the burdens and the
5  expenses of seeking protection in that court of its confidential material—and nothing in
6  these provisions should be construed as authorizing or encouraging a Receiving Party in
7  this action to disobey a lawful directive from another court.

8    8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

9    If a Receiving Party learns that, by inadvertence or otherwise, it has
10 disclosed Protected Material to any person or in any circumstance not authorized under
11 this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing
12 the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all
13 copies of the Protected Material, (c) inform the person or persons to whom unauthorized
14 disclosures were made of all of the terms of this Order, and (d) request such person or
15 persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached
16 hereto as Exhibit A.

17    9. FILING PROTECTED MATERIAL.  Without written permission form the
18 Designating Party or a court order secured after appropriate notice to all interested
19 persons, a Party may not in the public record in this action any Protected material.  A
20 Party that seeks to file under seal any Protected Material must comply with Civil Local
21 Rule 79-5.  In addition to placing the documents in a sealed envelope with instructions
22 that the envelope is not to be opened absent further order of the court, the envelope
23 should be labeled to identify title of the case, the case number, and the title of the
24 document.

25    10. FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by
26 the Producing Party, within sixty days after the final termination of this action, each

Receiving Party must return all Protected Material to the Producing Party, as used in this subdivision, "all Protected Material" includes all copies, abstracts compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead or returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

## 11. MISCELLANEOUS

Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12. JURISDICTION.  The Court shall retain jurisdiction over any matter covered by this Stipulation and Order for 24 months after the final termination of this action.

**IT IS SO STIPULATED.**

Dated:

**ADANTE D. POINTER**
Attorney for Plaintiff

Case 4:09-cv-03004-CW   Document 47   Filed 04/21/10   Page 11 of 13

1
2  Dated: _april 6, 2010_
3                                          _____
4                                          JOHN J. VERBER
                                           Attorney for Defendant
5  Dated: _April 9, 2010_                  ALAN/LEAL
6                                          _____
7                                          GEOFFREY BEATY
                                           Attorney for Defendant
8                                          CITY OF OAKLAND
9
10  PURSUANT TO STIPULATION, IT IS SO ORDERED.
11
12  DATED:  4/21/2010
13
14                                         _____
15                                         CLAUDIA WILKINS
                                           United States District Court Judge
16
17
18
19
20
21
22
23
24
25
26

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States Court for the Northern District of California on

_____ [date] in the case of L.S. by and through his Guardian Ad

Litem LAURIAN STUDESVILLE v. CITY OF OAKLAND, et al. USDC No. C09-03004

CW. I agree to comply with and be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of

this Order.

I further agree to submit to the jurisdiction of the United States District for the

Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.

I hereby appoint_____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with this

action or any proceedings related to enforcement of this Stipulated Protective Order.

1 | Date:_____

2 | City and State where sworn and signed:_____

3 |

4 | Printed name:_____ -

                     [printed name]

5 |

6 |

7 | Signature:_____

                 [signature}

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |