IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
LARONTE STUDESVILLE,                    No. 09-cv-03004 CW

          Plaintiff,                    ORDER REGARDING
                                        MOTIONS IN LIMINE
     v.                                 AND PRETRIAL
                                        PREPARATION
ALAN LEAL,

          Defendant.
_____/
```

As discussed at the pre-trial conference, the Court issues the following orders, and rules on the parties' motions in limine:

**Plaintiff's Motions in Limine**

1. Motion to exclude evidence and/or reference to Plaintiff's alleged criminal history and arrest subsequent to the date of the incident. **GRANTED IN PART AND DENIED IN PART.**

Plaintiff's arrest, conviction, probation violation and resulting incarceration are admissible because they provide evidence of other possible causes of his emotional distress. If Defendant seeks to introduce evidence about the details surrounding the arrest, conviction, probation violation and incarceration, Defendant must make an offer of proof.

2. Motion to exclude witnesses and evidence not disclosed or otherwise made known to Plaintiff. **GRANTED.**

Defendant does not oppose this motion.

3. Motion to exclude evidence and/or reference to the neighborhood where the incident occurred as "Stone City" or "Dope

Spot" or "High Drug/Crime Area."  **GRANTED IN PART AND DENIED IN PART.**

References to the neighborhood as "Stone City," "Dope Spot" or by other colloquialisms are excluded.  However, evidence and references to the neighborhood as an area with a high incidence of crime and drug use are permitted.

4. Motion to bar Defendant from impeaching Plaintiff with evidence of character or prior conduct by Plaintiff.  **DENIED WITHOUT PREJUDICE.**

Plaintiff's motion failed to identify character evidence or evidence of prior conduct that Defendant seeks to introduce.  If Defendant intends to use such evidence, he may make an offer of proof.  At that time the Court will consider the admissibility of the evidence.

5. Motion to exclude or limit testimony from Defendant's retained psychiatrist.  **DENIED.**

Defendant's expert witness, Dr. Rappaport, may testify to the topics that Plaintiff's expert, Dr. Barchuk, addresses in his testimony.  To the extent Dr. Barchuk testifies as to Plaintiff's emotional distress, Dr. Rappaport may provide testimony about other possible causes of Plaintiff's distress.

6. Motion to exclude evidence of and reference to Officer John Hege's death in the line of duty.  **GRANTED.**

Defendant does not oppose this motion.

7. Motion to exclude reference to March 22, 2009 Lovell Mixon incident.  **GRANTED.**

Defendant does not oppose this motion.

**Defendant's Motions in Limine**

2

1. Motion to exclude evidence and/or reference to Defendant's and other Oakland Police Officers' complaint and internal affairs history. **DENIED WITHOUT PREJUDICE.**

Defendant's motion failed to identify specific evidence of complaints or prior conduct that Plaintiff seeks to introduce. If Plaintiff intends to use such evidence, he may make an offer of proof. At that time the Court will consider the admissibility of the evidence. If the complaints or incidents of misconduct go to an officer's dishonesty or an unnecessary shooting, and there is some indicia of accuracy, then they may be admissible.

2. Motion to exclude evidence and reference to the permanent use and implantation of a spinal cord stimulator. **DENIED WITHOUT PREJUDICE.**

Evidence and references to a permanent spinal cord stimulator will only be permitted if Plaintiff establishes that it is probable that Plaintiff will need the permanent stimulator.

3. Motion to exclude refers to "Riders" litigation. **GRANTED.**

Plaintiff has not opposed this motion.

**Further Pretrial Preparation**

1. By January 27, 2011, Plaintiff shall file with the Court a statement indicating which state claims he intends to pursue at trial.

2. By January 31, 2011, the parties shall file new joint jury instructions based on the prior draft jury instructions the Court provided. The parties' submission shall include instructions related to the state claims Plaintiff intends to pursue.

3

3. Also by January 31, 2011, the parties shall file a new joint verdict form in accordance with the claims that will be tried.

4. On February 3, 2011, the parties shall contact the Courtroom Deputy, Ms. Nikki Riley, to learn whether the trial will begin on February 7, 2011 or will be continued.

5. The parties are ordered to recommence their settlement discussions, with the help of Magistrate Judge Larson to the extent he is available.

    IT IS SO ORDERED.

Dated: 1/27/2011

                  CLAUDIA WILKEN
                  United States District Judge