IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC J. ONTIVEROS,<br><br>    Plaintiff,<br><br>    v.<br><br>BRYAN MATHEWS and DAVID DORN,<br><br>    Defendants.<br>_____/ | No. 09-cv-03004 CW<br><br>ORDER REGARDING<br>MOTIONS IN LIMINE<br>AND PRETRIAL<br>PREPARATION |

The Court issues the following rulings on the parties' motions in limine:

**Plaintiff's Motions in Limine**

1. Motion to exclude evidence of Plaintiff's criminal history, including his prison record, record of arrests and criminal convictions, pursuant to Federal Rules of Evidence 401, 403, and 404(b). **GRANTED IN PART AND DENIED IN PART.**

The following are admitted, not as proof that Plaintiff was resisting arrest or engaged in criminal conduct, but solely to establish Defendants' state of mind at the time of the incident.

    (a)   The "Be on the Lookout For" (BOLF) report indicating that Plaintiff had reportedly committed assault with a deadly weapon and domestic violence, and that he was armed and dangerous, carrying a knife in a sheath on his belt.

    (b)    The outstanding parole violation warrant describing Plaintiff as armed and dangerous.

    (c)    The outstanding warrant for Plaintiff's arrest for evading a police officer.

    (d)    Plaintiff's prior convictions for California Penal Code Section 215 (carjacking), California Penal Code Section 245(a)(1) (assault with a deadly weapon), and California Penal Code Section 245(b) (assault with a deadly weapon-semiautomatic), and two convictions for violation of California Vehicle Code Section 2800.2 (felony evasion).

    (e)    Plaintiff's propensity to drive hazardously, including the incident on May 10, 2004, when Plaintiff reportedly drove the wrong way on Freeway 880 to evade law enforcement.

Evidence of Plaintiff's prison record is excluded.  Evidence that Plaintiff "was known" for violating certain California Penal Code sections, as described in Defendants' offer of proof at Paragraph 9, is excluded.  At the April 19, 2011 hearing, Defendants also indicated that they planned to introduce evidence that a confidential informant had told the Hayward Police Department that Plaintiff was planning to commit theft at an auto-parts store.  This evidence is excluded because Defendants did not indicate their knowledge about it in their offers of proof, and have not indicated that it was to be an armed robbery during business hours.

2

2. Exclude evidence of Plaintiff's membership or affiliation with a street gang.  **GRANTED.**

Evidence of Plaintiff's membership in the "A Street" gang and the gang's affiliation with the Norteño gang is admissible to establish Defendants' state of mind at the time of the incident, but not as proof that Plaintiff was a gang member or was resisting arrest or engaged in criminal conduct.

### Defendants' Motions in Limine

1. Motion to exclude evidence and reference to alleged prior bad acts amounting to excessive force by Defendants.  **GRANTED.**

2. Motion to exclude evidence and/or references that compare the present incident at issue to other events generally well known to the public as incidents of police brutality.  **GRANTED.**

Plaintiffs do plan to use such evidence or references.

3. Motion to exclude Plaintiff's testimony as to the propriety or lack thereof with respect to certain methods used by Defendants to effect his arrest.  **GRANTED.**

Plaintiff may testify about the actions Defendants took against him, but may not give opinion testimony about whether those actions were reasonable.

### Defendants' Objections to Plaintiff's Exhibits

1. Objection to handwritten letter from Jen A.  **SUSTAINED.**

2. Objection to Plaintiff's declaration in support of opposition to Defendants' motion for summary judgment.  **SUSTAINED.**

//

//

//

3

3.  Objection to Plaintiff's medical records.  **SUSTAINED IN PART.**

Plaintiff's medical records may be admitted if Plaintiff's treating physician testifies.

IT IS SO ORDERED.

Dated: 4/29/2011

CLAUDIA WILKEN
United States District Judge